UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL LABBE, | § | Civil Action No. 4:24-cv-04544 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Judge Charles Eskridge |
| | § | |
| SHARKNINJA OPERATING LLC, | § | |
| | § | |
| Defendant. | § | |

# PLAINTIFF'S MOTION TO COMPEL

Plaintiff Cheryl Labbe ("Plaintiff") hereby moves to compel Defendant to answer and respond to certain Requests for Production and Interrogatories.

## Certificate of Conferral

Prior to the filing of this motion the parties have met and conferred in an effort to resolve this dispute and narrow the issues.

## Statement of the Nature and Stage of Proceedings

This is a Motion to Compel the defendant to produce documents and things requested in Requests for Production served on May 6, 2025, and to compel the defendant to fully respond to Interrogatories served on that same date. Responses and Answers, and objections to most of the discovery requests were served on July 18, 2025. The parties have complied with Court Procedure

15(c). The Court has authorized the filing of this Motion to Compel by its Order entered on December 8, 2025. [Doc 22]

## Statement of Issues Requiring Resolution

At issue are Plaintiff's Requests for Production and Interrogatories served on May 6, 2025. As a result of meeting and conferring, the defendant has produced some responsive documents. Those consist mostly of design documents, product specifications and testing, recipe books, and marketing materials. However, most of the discovery disputes outlined in the parties' summaries to the Court pursuant to Court Procedure 15(c) remain unresolved. Neither Supplemental Responses to the Requests for Production, nor Supplemental Answers to the Interrogatories have been served. All of the originally asserted objections remain. A copy of the served Responses to the Requests for Production, and the served Answers to the Interrogatories, with the asserted objections are attached here as Exhibits 1 and 2.

    a.    Continuing Objections and Conditional Responses

Defendant qualifies most of its answers and responses as being "subject to and without waiving" asserted objections. That conditional response leaves uncertainty as to whether documents and information, where provided, is being withheld subject to the asserted objections. Unless SharkNinja affirmatively states that no responsive information or documents are being withheld, SharkNinja may, at its discretion, be withholding otherwise

responsive documents or information based on its unilateral determination that an asserted objection applies or its unilateral determination of what may be "relevant". Plaintiff requests that each asserted objection be ruled upon by the Court.

      b.      Other Similar Incidents / Plaintiff's Incident / CPSC Recall

Defendant asserts the objections "not relevant" or "overbroad to the extent it seeks information regarding claims or allegations not substantially similar to the allegations in Plaintiff's Complaint" in response to twenty-two of the twenty-four Requests for Production. Similarly, Defendant objects to thirteen Requests for Production as "premature," asserting that Plaintiff's deposition must first occur before it will respond. Plaintiff's deposition was taken on November 11, 2025. However, Supplemental Responses and Answers have not been served removing that oft asserted objection.

## Statement of Authority

The scope of discovery is within the sound discretion of the trial judge, *see Freeman v. United States*, 556 F. 3d 326, 341 (5th Cir. 2009).

> Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense." ***Fed***. R. Civ. P. 26(b)(1). "***Relevant*** information encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)). "Relevancy is broadly construed, and a request for discovery should be

3

> considered ***relevant*** if there is 'any possibility' that the information sought may be ***relevant*** to the claim or defense of any party." *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (quoting *Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)). "The party seeking discovery bears the initial burden of showing that the materials and information sought are ***relevant*** to the action or will lead to the discovery of admissible evidence." *Reynolds v. Cactus Drilling Co., LLC*, No. MO15CV00101DAEDC, 2015 U.S. Dist. LEXIS 182323, 2015 WL 12660110, at *2 (W.D. Tex. Dec. 21, 2015). However, "[o]nce the party seeking discovery establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.* [emphasis in original]

*Camoco, LLC v. Leyva*, 333 F.R.D. 603, 605 (W.D. Tex. 2019)

The standard for discovery of other similar incidents for proof of notice is a liberal one.

> For purposes of proving other accidents in order to show defendants' awareness of a dangerous condition, the rule requiring substantial similarity of those accidents to the accident at issue should be relaxed. *See McCormick on Evidence*, § 200 (E. Clearly 2d ed. 1972) (other accidents and injuries in negligence and products liability cases)

*Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986.)

> Evidence of similar accidents occurring under substantially similar circumstances and involving substantially similar components may be probative of defective design. *See Rush v. Bucyrus-Erie Company*, 646 S.W.2d 298 (Tex. Civ. App. -- Tyler 1983, writ ref'd n.r.e.); *Mitchell v. Fruehauf Corp.*, 568 F.2d 1139 (5th Cir. 1978); *see also Missouri-Kansas-Texas Railway Co. v. May*, 600 S.W.2d 755 (Tex. 1980).

*Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082 (5th Cir. 1986.)

4

## Statement of Facts

Plaintiff's incident is alleged to be that the lid of a SharkNinja 6.5 Qt. Ninja® Foodi® Tendercrisp® Pressure Cooker, Model OP301, opened under pressure. The incident is clearly described in the Complaint:

> [Plaintiff's] Pressure Cooker's lid suddenly and unexpectedly exploding off the cooker's pot during the normal and expected use of the product while in a pressure-cooking mode....

[Doc. 1-2, ¶ 5.5]. In Plaintiff's November 11, 2025, deposition she likewise describes this incident as, "So I -- I -- I turned it [the lid] -- as I was turning it -- turning it, it started moving, and as soon as I turned the thing, that whole thing just blew up." [Exhibit 3, 130:9-11] "It blew up in my face." [Id. at 209:24]

This description aligns with the product "Hazard" that is stated in the CPSC recall of 1.8 million SharkNinja Foodi OP300 Series Multi-Function Pressure Cookers, which states:

> The pressure-cooking lid can be opened during use, causing hot contents to escape, posing a risk of burn injuries to consumers.

[May 1, 2025 CPSC Recall 25-247, Exhibit 4] The CPSC Recall of this product was published after this civil action was filed. Plaintiff's pressure cooker is a recalled product. The CPSC recall goes on to state:

> SharkNinja has received 106 reports of burn injuries, including more than 50 reports of second- or third-degree burns to the face or body, with 26 lawsuits filed.

5

[Id.] Plaintiff asserts these objections of "overbroad" and "premature" should be overruled in every instance where asserted, and the responsive documents produced, and the Interrogatories answered.

To date Defendant has not produced any of the requested documents or information related to the issue alleged in Paragraph 6.3 of the Complaint:

> While the pressure cooker was being used for cooking, the lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff Labbe, causing severe, disfiguring burns.

[Doc. 1-2, pg. 6 of 21, ¶ 6.3.] These include not only the documents and information in its possession related to the CPSC Recall, but also documents and information related to the notice of other incidents of lids opening under pressure.

One hundred six such prior similar incidents are referenced in the CPSC Recall. No documents or information have been produced related to any of these other similar incidents of the pressure-cooking lids opening while the cooker is pressurized, when SharkNinja first received notice of such incidents, how many such incidents occurred before Plaintiff's incident, the documentation of those incidents, or how Defendant addressed that issue. It is known the issue was address by a redesign of the lid because the remedy in the recall is stated to be, "Remedy: Repair . . . Consumers should immediately

stop using the product's pressure-cooking function and contact SharkNinja for a free replacement lid." [Exhibit 4]

      a.    **Requests for Production Still in Dispute**

Twenty-three of the twenty-four Requests for Production remain unresponded to in full or in part, most subject to the objections above. These include Requests 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24.

As a result of the conferral by counsel, and the deposition of Plaintiff, some additional documents have been produced. Those consist mostly of design documents, product specifications and testing, recipe books, and marketing materials. However, in most instances SharkNinja continues to withhold production as it has unilaterally determined that the facts of Plaintiff's incident are not "relevant" to the recall. The withheld documents and information include the documentation of the at least 106 incidents referenced in the recall, additional other incidents Defendant has received notice of, communications to and from the CPSC, and all internal documents related to Defendant discovering the mechanical issues that allow the lid to be opened under pressure, and the redesign of the lids to remedy this issue. We know for a fact that Defendant redesigned the lid as a replacement lid is the remedy offered to those who participate in the CPSC Recall.

Requests 1 and 2.  *Design Documents and testing*: Defendant has refused to produce design documents and testing related to the lid locking feature for the redesigned lid, which is the remedy offered to those who participate in the recall.  Defendant's position is that these are not relevant to Plaintiff's incident.

Requests 8–13, 17–18, and 20–23.  *Other incidents of lids opening under pressure:* Defendant objects to producing any communications, reports, engineering analyses, claims, notices, investigations, databases, claims and warranty returns, or depositions from other litigation until after Plaintiff's deposition.  Now that the Plaintiff's deposition has been taken, none have been produced.  Plaintiff maintains that such information – customer complaints, lawsuits, warranty claims, and returned products – is directly relevant to notice, defect, and causation, and should be produced.

Requests 6, 14 and 15.  *Corrective and Preventive Action files and communications and documents related to what became the May 1, 2025, CPSC recall:* All documents, communications, analyses, and supporting materials related to any Corrective and Preventive Action, and all documents exchanged with or prepared for the CPSC should be produced.

Requests 3, 4, 6, and 19.  *Documents, testing, reports, and instruction videos related to lid locking and safety:* Defendant objects that these requests are overbroad, premature, and, as to instructions and videos published by

8

SharkNinja, "equally accessible to Plaintiff." These materials are relevant. Production should not be contingent on Plaintiff's deposition. The fact that Plaintiff may happen upon some instructional videos addressing safety is not a valid ground for SharkNinja to withhold known responsive materials.

### b. Interrogatories Still in Dispute

Defendant had agreed to supplement certain Interrogatories (Nos. 1–3, 8–10, 12–13, and 15–16), some of that supplementation contingent upon taking Plaintiff's deposition. The deposition has been taken. No Supplemental Interrogatory Answers have been served.

Defendant continues to withhold complete answers to others. These include:

Interrogatories 1–3, and 8–9. *Other claims and lawsuits:* Defendant refuses to identify prior claims, lawsuits, depositions taken, number of claims, etc., because it has not deposed Plaintiff. The issue remains that after that deposition it will make a unilateral decision as to what to provide in an answer.

Interrogatories 12–13. *Design Changes:* Defendant refuses to describe the changes or modifications that were made to the design of the safety features until it deposes Plaintiff.

### Summary of the Argument

Defendant Shark Ninja is improperly restricting discovery by applying an overly narrow definition of relevance, contrary to the broad standard

established under Rule 26(b) of the Federal Rules of Civil Procedure. Discovery should include any information that could reasonably lead to admissible evidence, particularly regarding similar incidents, which courts have held to be liberally construed for proving notice and defective design. Plaintiff contends that her incident – the lid of a Shark Ninja pressure cooker exploded from the pot after cooking – matches the circumstances described in the CPCS/Shark Ninja's recall notice, despite the defendant's claim of dissimilarity. Expert testimony and physical evidence support that the cooker remained pressurized due to its mechanical lid-locking system, reinforcing the argument that the incident falls within the scope of relevant discovery.

### Argument

The scope of discovery is within the sound discretion of the trial judge, *see Freeman v. United States*, 556 F. 3d 326, 341 (5th Cir. 2009).

> Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense." ***Fed***. R. Civ. P. 26(b)(1). "***Relevant*** information encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)). "Relevancy is broadly construed, and a request for discovery should be considered ***relevant*** if there is 'any possibility' that the information sought may be ***relevant*** to the claim or defense of any party." *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (quoting *Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)). "The party seeking discovery bears the initial burden of showing that the materials and

10

> information sought are ***relevant*** to the action or will lead to the discovery of admissible evidence." *Reynolds v. Cactus Drilling Co., LLC*, No. MO15CV00101DAEDC, 2015 U.S. Dist. LEXIS 182323, 2015 WL 12660110, at *2 (W.D. Tex. Dec. 21, 2015).  However, "[o]nce the party seeking discovery establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.* [emphasis in original]

*Camoco, LLC v. Leyva*, 333 F.R.D. 603, 605 (W.D. Tex. 2019).  Defendant is unilaterally imposing its own narrow definition of relevant and applying it to most of the discovery requests, refusing to produce most documents and refusing to answer most of the Interrogatories.

As cited above, the law is that the standard for discovery of other similar incidents for proof of notice is a liberal one.  "For purposes of proving other accidents in order to show defendants' awareness of a dangerous condition, the rule requiring substantial similarity of those accidents to the accident at issue should be relaxed." *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986.)  Furthermore, "Evidence of similar accidents occurring under substantially similar circumstances and involving substantially similar components may be probative of defective design." *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986.)

It is expected that in response to this motion SharkNinja will take the position that the incident described by Plaintiff in her deposition is not

"similar" to the lids opening under pressure described in the CPSC Recall, "Because the pressure cooker was not in use in any meaningful sense at the time of Plaintiff's incident." [See Defendant's 11/19/2025 letter to the Court.]

However, the testimony of Ms. Labbe is that she was in the process of cooking. She testified in detail as to the contents of the recipe she was cooking, putting the pressure cooking lid on the pot, and cooking in the pressure cooking mode. [Exhibit 3, pgs. 107 – 130] After cooking in the pressure cooking mode, the lid was still on the pot until it forcibly exploded off of the pot, and the contents erupted out of the pot severely scalding her. [Exhibit 3, pgs. 124 – 130]

This is exactly what is described in the press release published for SharkNinja by RQA, Inc., a marketing company SharkNinja retained to assist it with the announcement of the CPSC Recall:

> SharkNinja is recalling the "Ninja"-brand "Foodi" OP300-series Pressure Cookers/TenderCrisp Air Fryers to replace the lid following reports that the pressure-cooking lids of these cookers can be opened while the cooker is pressurized, resulting in burn injuries from hot contents.

https://www.rqa-inc.com/client/SharkNinja/ [Exhibit 5] This press release is available online to this day.

The testimony of Ms. Labbe is that she *believed* that the pressure cooker was no longer pressurized. [Exhibit 3, pg. 209] Clearly she was mistaken. It is pure high school physics, to be addressed by experts later in this case, that

the pressure cooker was under pressure. [See Plaintiff's Expert Report, Exhibit 6, pgs. 16 and 17]. Furthermore, as will be testified to by Plaintiff's expert:

> Testing and analysis of the lid locking mechanism has shown that this system is purely mechanical. This system requires no electrical power to operate and provides a locked lid whether the cooker is turned on or not. The lid lock was designed such that it would provide a mechanism to keep the lid locked on a dangerously pressurized cooker even after power was turned off on the cooker.

[Id., pg. 19].

## Relief Sought

Plaintiff respectfully requests that the Court rule upon the asserted objections and order all Supplemental Responses, document production, and Answers by a date certain. Plaintiff requests that the Court overrule the objections that the discovery requests are "not relevant" and "overbroad", finding that they in fact seek information regarding claims or allegations that are substantially similar to the allegations in Plaintiff's Complaint. Plaintiff requests that Defendant be ordered to assume that the requested documents and things, and the information requested in the Interrogatories, are relevant to the issues in this case. Plaintiff requests that Defendant be ordered to assume that, for the purposes of discovery, the incident described in the Complaint, and in Plaintiff's deposition, is substantially similar to the issue that led to the May 1, 2025 CPSC Recall of this product, which is the lids of

SharkNinja OP 300 series pressure cookers opening under pressure, and led to the redesign of the lid as the remedy offered to consumers who participate in the Recall. Plaintiff requests that Defendant be ordered to produce all of the requested documents and things and provide full and complete Answers to the Interrogatories.

Plaintiff further requests that within fifteen days of the date of this Order, Defendant be ordered to file Supplemental Responses to each of the Requests for Production, and Supplemental Answers to each of the Interrogatories, fully responding and answering each such Request for Production and Interrogatory.

Respectfully submitted this 18th day of December 2025.

/s/ *George E. McLaughlin*
George E. McLaughlin
State Bar No.: CO16364
SDTX No. 3040842
McLaughlin Law Firm, P.C.
1890 Gaylord Street
Denver, CO 80206-1211
Telephone: 720-420-9800
Facsimile: 720-677-7707
GEM@McLLF.com

*Attorneys for Plaintiff Cheryl Labbe*

Julian C. Gomez
The Julian C. Gomez Law Firm
1300 N 10th Street, Suite 480C
McAllen, TX 78501
956-331-2500
jcg@jcglf.com

Wade Austin Barrow
Barrow Law, PLLC
1214 Fairmount Avenue
Fort Worth, TX 76104
817-617-7797
service@barrow-law.com

Willie Powells, III
Willie D. Powells, III & Associates, PLLC
7322 SW Fwy., Suite 2010
Houston, TX 77074
281-881-2457
Willie@williepowellslawfirm.com

*Attorneys for Plaintiff Cheryl Labbe*

## **CERTIFICATE OF WORD COUNT**

Pursuant to the Procedures of this Court, I certify that the accompanying Plaintiff's Motion to Compel, which was prepared using Century Schoolbook 13-point typeface, contains 3,130 words, excluding the parts of the document that are exempted by the Procedures. This certificate was prepared in reliance on the word-count function of the word processing system (Microsoft Word) used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 18th day of December 2025.

>  /s/ *George E. McLaughlin*
> George E. McLaughlin
> State Bar No.: CO16364
> SDTX No. 3040842
> McLaughlin Law Firm, P.C.
> 1890 Gaylord Street
> Denver, CO 80206-1211
> Telephone: 720-420-9800
> Facsimile: 720-677-7707
> GEM@McLLF.com
>
> *Attorneys for Plaintiff Cheryl Labbe*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December 2025 I caused the foregoing **PLAINTIFF'S MOTION TO COMPEL** to be electronically filed with the Clerk of the Court using the CM/ECF system and served as follows:

Michella R. Gibbs  
Shook, Hardy & Bacon L.L.P.  
600 Travis Street, Suite 3400  
Houston, Texas 77002-2926  
mgibbs@shb.com  

☐ By Email  
☐ By Facsimile Transmission  
☐ By Overnight Delivery  
☒ By CM/ECF System  
☐ By First-Class U.S.  

Michael T. Hayes  
Shook, Hardy & Bacon L.L.P.  
2555 Grand Boulevard  
Kansas City, MO 64108  
mhayes@shb.com  

☐ By Email  
☐ By Facsimile Transmission  
☐ By Overnight Delivery  
☒ By CM/ECF System  
☐ By First-Class U.S.  

/s/ *George E. McLaughlin*  
George E. McLaughlin  
State Bar No.: CO16364  
SDTX No. 3040842  
McLaughlin Law Firm, P.C.  
1890 Gaylord Street  
Denver, CO 80206-1211  
Telephone: 720-420-9800  
Facsimile: 720-677-7707  
GEM@McLLF.com  

*Attorneys for Plaintiff Cheryl Labbe*